# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17-cv-97-FDW

| | |
|---|---|
| JAY JUNIOR AIKEN, | )
| | )
| Plaintiff, | )
| | )
| vs. | )
| | )
| CHIP L. HALL, et al., | )   **ORDER**
| | )
| Defendants. | )
| | )

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 1). On October 31, 2017, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 9). Thus, Plaintiff is proceeding in forma pauperis.

## I.  BACKGROUND

Pro se Plaintiff Jay Junior Aiden is a Georgia prisoner incarcerated at Central State Prison in Macon, Georgia. Plaintiff filed this action on April 3, 2017, pursuant to 42 U.S.C. § 1983, naming the following four Defendants: (1) Chip Hall, identified as the Sheriff of Jackson County, North Carolina; (2) Linda LNU, identified as a nurse at the Jackson County Detention Center, in Sylva, North Carolina; (3) Charlie LNU, identified as an officer at the Jackson County Detention Center; and (4) John Buchanan, identified as a captain at the Jackson County Detention Center. Plaintiff appears to allege that, while he was incarcerated as a pre-trial detainee at the Jackson County Detention Center, Defendants violated his constitutional rights by deliberately ignoring his serious medical needs and by subjecting him to unconstitutional conditions of confinement.

1

Plaintiff alleges the following facts in the Complaint to support his claims against Defendants:

> Starting from the date arrested I had (5) give grand mal seizures which I had to be taken to the hospital and placed in I.C.U. unit until I return to Jackson County Detention Center. I have had one heart attack at Jackson County Detention Center and nurse Linda RN refused to take or call an ambulance for medical emergency. Since then I have had two more in Georgia where I had 2 triple bypass open heart surgery by Dr. Fady S. Wanna, MR, in Macon Georgia at center called Navicent Health under cardiothoracic surgery center. At Jackson Detention Center my heart beat was very slow, and my blood pressure was 38 over 57. Their E.K.G. machine did not work and after two hours in the medical room I was return[ed] to the holding cell in booking.
>
> On May 1, 2016 to May 10, 2016 I begged to officers for a shower. I asked both shifts for (9) nine days. I had to speak to the captain Mr. John Buchanan for help while he was standing in booking. He Captain Buchanan advise officer Steve to get me some clean cloth[es] and to give me a shower. For over a month, starting March of 2016 to May of 2016 staff at Jackson County Detention Center refused me proper hygiene, clothing, chemicals to clean my cell room in booking and number two (2).
>
> I was moved to G pod which only after two weeks I had five more seizures where officer Moose demanded for a ambulance because I was throwing up and severely shaking. I had had over 25 seizures at the Jackson County Detention Center but only sent to the hospital twice (2) two times. The main issue of this 42 U.S.C. 1983 is I was truly treated like an animal while housed at Jackson County Detention Center . . . .

(Doc. No. 1 at 3-4). For relief, Plaintiff states that he asks

> that the court look into the treatment of inmates at this facility that I be allowed to bring my complaint in a trial for the cruel and unusual treatment I received while housed at Jackson County Detention Center. Also I be rewarded a judgment of 1 million dollars for pain and suffering. That a trial be ordered by this honorable court so I can present my case.

(Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious

[or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

Although Plaintiff does not cite to any specific constitutional amendment, he alleges in the Complaint that he was subjected to "cruel and unusual" treatment, apparently referencing the Eighth Amendment. See (Doc. No. 1 at 4). Because Plaintiff was a pre-trial detainee at all relevant times, the Fourteenth Amendment applies to his claims of deliberate indifference and unconstitutional conditions of confinement, but the analysis is the same as claims raised under the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); but see Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015) (holding that the test for excessive force claims brought by pretrial detainees under the Fourteenth Amendment differs from the test for excessive force claims brought by convicted prisoners under the Eighth Amendment). Therefore, Eighth Amendment cases are instructive in analyzing pre-trial detainees' claims of deliberate indifference and unconstitutional conditions of confinement.

To state a claim under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment, a plaintiff must show a "deliberate indifference to serious medical needs" of

3

the inmate. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable Section 1983 claim for a federal constitutional violation. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable for a constitutional violation, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging

4

the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

As to Plaintiff's claim alleging unconstitutional conditions of confinement, the Eighth Amendment (and the Fourteenth Amendment for pre-trial detainees) protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also generally allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

The Court finds that, assuming that Plaintiff's allegations are true, and drawing all reasonable inferences in his favor, Plaintiff's claim for deliberate indifference to serious medical needs is not clearly frivolous as to Nurse Linda LNU. As to the remaining Defendants, however, the Complaint simply does not allege enough facts to state a cognizable claim of any constitutional violation against them. First, as to Defendant Buchanan, Plaintiff alleges only that "I had to speak to the captain Mr. John Buchanan for help while he was standing in booking. He Captain Buchanan advise officer Steve to get me some clean cloth[es] and to give me a shower."

5

(Doc. No. 1 at 4). Contrary to showing that Buchanan contributed to the alleged unconditional conditions of confinement, the only allegations as to Defendant Buchanan reflect that he was trying to help Plaintiff get clean clothes and a shower. As to Defendant "Charlie LNU," Plaintiff has not alleged any personal participation by this Defendant in the factual allegations in Plaintiff's Complaint. Individual liability under Section 1983 must be based on personal participation in the constitutional violation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under Section 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). Moreover, as to Defendant Sheriff Hall, Plaintiff also has not alleged any personal participation against Defendant Hall, and he cannot be held liable for the alleged acts of other persons based merely on his supervisory position.[1] Thus, the action will not go forward as to Defendants Captain Buchanan, Charlie LNU, or Sheriff Hall on initial review.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff has alleged a claim for deliberate indifference to serious medical needs sufficient to survive this Court's initial review as to Defendant Nurse Linda LNU, but the remaining three Defendants will be dismissed from this action.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint survives initial review under 28 U.S.C. § 1915(e), as to

---

[1] A supervisor may be liable for acts of his subordinates if (1) the supervisor is actually or constructively aware of pervasive, unreasonable risk of harm from a specified source, (2) the official is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisor's inaction and the constitutional injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff does not allege any facts to support a finding of supervisor liability based on these three elements.

Defendant Nurse Lind LNU, but the remaining Defendants will be dismissed from this action.

2. The Clerk shall send Plaintiff summons forms to fill out so that service may be made on Defendant Nurse Linda LNU. Once the Court receives the summons forms, the U.S. Marshal shall effectuate service on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Signed: December 1, 2017

Frank D. Whitney
Chief United States District Judge