# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:17-cv-97-FDW

| | | | |
|---|---|---|---|
| **JAY JUNIOR AIKEN,** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| **vs.** | ) | | |
| | ) | | |
| **CHIP L. HALL, et al.,** | ) | **ORDER** | |
| | ) | | |
| **Defendants.** | ) | | |
| _____ | ) | | |

**THIS MATTER** is before the Court on a status review and on Plaintiff's "Declaration for Entry of Default," (Doc. No. 16), filed by pro se Plaintiff Jay Aiken. Plaintiff seeks an Order from this Court entering a judgment in his favor against Defendant Linda LNU based on his contention that this Defendant has failed to appear or otherwise respond. The docket shows the summons was returned as executed as to this Defendant, but it does not appear that the U.S. Marshal executed the summons in accordance with Rule 4 of the Federal Rules of Civil Procedure. (Doc. No. 15). That is, the U.S. Marshal attempted to serve Defendant Linda LNU by FedEx delivery to the Jackson County Detention Center, but the summons was signed for by a person who does not appear to be "an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute." See N. C. R. Civ. P. 4(j). (Id. at 4).

Here, the Court would normally order the U.S. Marshal to attempt to locate Defendant Linda LNU and serve her personally. Since Linda LNU's last name is unknown, however, the U.S. Marshal will need more information before attempting personal service on Linda LNU. Where a prisoner's Complaint states specific allegations describing conduct of individual prison

staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants.  Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 832 (7th Cir. 2009).  Here, Sheriff Chip L. Hall will be added as a defendant, in his official capacity only, for the limited purpose of identifying the full name of the sole remaining Defendant, Linda LNU, who is alleged to have been a nurse at while Plaintiff was incarcerated as a pre-trial detainee. Plaintiff alleges in the Complaint that he had a heart attack at the detention center, and Defendant Linda LNU refused to call an ambulance.  If Defendant is no longer employed at the jail, Sheriff Hall may submit to the Court Defendant's home address, if it is known, so that the U.S. Marshal can serve Defendant Linda LNU.  The Sheriff may submit the address under seal for the Court's viewing only.

**IT IS THEREFORE ORDERED THAT** Plaintiff's "Declaration for Entry of Default," (Doc. No. 16), is **DENIED**.  The Clerk shall add Sheriff Hall as a Defendant in his official capacity, and the U.S. Marshal shall serve Sheriff Hall as a Defendant for the sole purpose of complying with this Order.  The Clerk shall mail a blank summons to Plaintiff to fill out so that service may be made on Sheriff Hall.  Once the full name of Linda LNU is identified, the Court will order the U.S. Marshal to serve summons on Defendant Linda LNU.

Signed: August 28, 2018

Frank D. Whitney
Chief United States District Judge