UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-97-FDW

| | |
|---|---|
| JAY JUNIOR AIKEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHIP L. HALL, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on a status review following a filing by Defendant Chip L. Hall submitting the full name of Defendant Linda LNU.

In the underlying action brought under 42 U.S.C. § 1983, pro se Plaintiff Jay Aiken alleges that he had a heart attack at the Jackson County Detention Center, and Defendant Linda LNU refused to call an ambulance. Based on these allegations, Plaintiff has sued Defendant Linda LNU for deliberate indifference to a serious medical need.

Following initial screening by the Court, summons forms were issued for service by the U.S. Marshal on all Defendants. The docket shows that a summons was returned as executed as to Defendant Linda LNU on February 1, 2018, but it does not appear that the U.S. Marshal executed the summons in accordance with Rule 4 of the Federal Rules of Civil Procedure. See (Doc. No. 15). That is, the U.S. Marshal attempted to serve Defendant Linda LNU by FedEx delivery to the Jackson County Detention Center, but the summons form was signed for by a person who does not appear to be "an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute." See N.C. R. Civ. P. 4(j). (Id. at 4).

1

After Defendant failed to respond or file an Answer, on April 9, 2018, Plaintiff filed a "Declaration for Entry of Default," (Doc. No. 16), seeking an Order from this Court entering a judgment in his favor against Defendant Linda LNU based on his contention that this Defendant has failed to appear or otherwise respond.

In an Order dated August 28, 2018, the Court denied Plaintiff's motion for entry of default and ordered Sheriff Chip L. Hall to be added as a defendant in his official capacity only, for the limited purpose of identifying the full name of Defendant Linda LNU. On October 12, 2018, Defendant Hall submitted the full name of Linda LNU to this Court. Hall's response states that Defendant's full name is Linda Lee and that at all relevant times Lee was employed to work at the jail by TransFormHealthCS and/or Southeast Correctional Medical Group, Inc., 1203 Brampton Avenue, Statesboro, GA 30458.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that the summons was returned to this Court as executed as to Defendant

Linda Lee, it does not appear that this Defendant actually ever received service of process. With the additional information supplied for service on Defendant Linda Lee, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on Defendant Linda Lee in accordance with Rule 4.

Furthermore, Defendant Hall shall now be dismissed as a Defendant in this action because he was added for the limited purpose of submitting the full name of Defendant Lee to the Court.

**IT IS SO ORDERED.**

Signed: October 16, 2018

Frank D. Whitney
Chief United States District Judge