# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17-cv-00097-FDW

| | |
|---|---|
| JAY JUNIOR AIKEN, | ) |
| Plaintiff, | ) |
| vs. | ) |
| LINDA LEE, | )  **ORDER** |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for an Order Compelling Discovery from All Defendants" [Doc. 33]; Plaintiff's "Motion to Compel in Conjunction to Second Request for Interrogatories" [Doc. 42]; Plaintiff's "Second Request for Interrogatories" [Doc. 43]; and Plaintiff's "First Request for Production of Documents" [Doc. 44], which the Court construes as motions to compel discovery.

By terms of the Pretrial Order and Case Management Plan, the deadline for the completion of discovery in this case was May 15, 2019. [Doc. 30]. On March 11, 2019, the Plaintiff filed a Motion for an Order Compelling Discovery [Doc. 33] in which Plaintiff argued that Defendants[1] failed to respond to Plaintiff's discovery requests. Included with that motion were Plaintiff's discovery requests, which included Plaintiff's First Set of Interrogatories [Doc. 33 at 4-11] and Plaintiff's First Request for Production of Documents [Id. at 3]. On June 5, 2019, the Court ordered Defendant to file a status report with the Court regarding the status of Defendant's response to the Plaintiff's discovery requests. [Doc. 34]. On the same day, Defendant filed a

---

[1] The Court notes that at the time Plaintiff submitted his motion to compel all but sole remaining Defendant Linda Lee had been dismissed as defendants in this matter.

status report with the Court indicating she had responded to Plaintiff's discovery request on March 26, 2019 and attached a copy of her responses to the status report. Defendant argued, therefore, that Plaintiff's motion to compel [Doc. 33] should be denied is moot. The responses that Defendant filed with the Court did not include a response to Plaintiff's request for documents, only a response to Plaintiff's interrogatories. [See Doc. 35-1]. The Court then ordered that the Plaintiff respond by June 21, 2019, showing cause for why the Court should not dismiss Plaintiff's motion to compel.[2] [Doc. 34]. The Court also ordered that the already expired discovery completion deadline of May 15, 2019 would be held in abeyance "pending resolution of this outstanding discovery dispute." [Id.].

On June 17, 2019, Plaintiff filed the documents that are before the Court now [Docs. 42, 43, 44]. One of these documents [Doc. 44] is a handwritten restatement of Plaintiff's first document request in which Plaintiff requests a Court order directing Defendant to produce the same documents he requested in his original request, which was dated February 19, 2019. While Defendant has demonstrated that she responded to Plaintiff's interrogatories [See Doc. 35-1], she has not demonstrated that she responded to Plaintiff's first document request. Defendant responded in opposition to Plaintiff's "Motion to Compel in Conjunction to Second Request for Interrogatories." [Doc. 45]. In Defendant's response, Defendant argues she has already responded to Plaintiff's discovery demands, that Plaintiff failed to respond to the Court's show cause order, and that the deadline for discovery has already passed. [Doc. 45 at 4].

As for "Plaintiff's First Request for Production of Documents" [Doc. 44], which the Court construes as a renewed motion to compel discovery, the Court will order that Defendant respond to Plaintiff's request within twenty-one (21) days of this Order because this request is a verbatim

---

[2] At the time of this Order, the Court must have inadvertently overlooked Plaintiff's single-page document request included with his motion to compel. [See Doc. 33 at 3].

restatement of documents Plaintiff requested of Defendant in February 2019.

As for Plaintiff's "Motion to Compel in Conjunction to Second Request for Interrogatories" [Doc. 42] and Plaintiff's "Second Request for Interrogatories" [Doc. 43], Plaintiff has not shown that he actually served this second set of interrogatories on Defendant or that Defendant failed to respond. They are both dated June 10, 2019 and were received and filed by the Court on June 17, 2019. Further, although the Court held the discovery deadline in abeyance pending resolution of Plaintiff's (original) motion to compel [Doc. 33], which was filed on March 11, 2019, this was not an invitation for the Plaintiff to serve additional discovery requests on Defendant outside the discovery completion deadline originally set by the Court. The Court also notes that the parties are limited to only 20 interrogatories in this matter in any event. [See Doc. 30 at 2]. These motions [Doc. 42, 43] will, therefore, be denied.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's motion to compel [Doc. 33] is **DENIED** as moot.

(2) Plaintiff's other motions to compel [Docs. 42, 43] are **DENIED**.

(3) Plaintiff's motion to compel [Doc. 44] is **GRANTED** and the Defendant shall have twenty-one (21) days from this Order to respond to Plaintiff's request for production of documents. The Defendant shall file with the Court as status report at the time Defendant responds to Plaintiff's request for production of documents so that the Court may set a deadline for Plaintiff's response to Defendant's Motion for Summary Judgment filed on June 14, 2019.

(4) The stay of the Court's deadline to complete discovery is hereby **LIFTED** and the parties are directed that no further discovery shall be sought by either party in this

matter or filed with the Court.

Signed: June 27, 2019

Frank D. Whitney
Chief United States District Judge